Stein, J

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CATHERINE RUBERY, Derivatively On Behalf of AMBAC FINANCIAL GROUP, INC., | ) Case No. 08-CV-854 (SHS) |
| Plaintiff, | ) |
| vs. | ) |
| MICHAEL A. CALLEN, JOHN W. UHLEIN, III, KEVIN J. DOYLE, GREGG L. BIENSTOCK, THOMAS J. GANDOLFO, ROBERT G. SHOBACK, DOUGLAS C. RENFIELD-MILLER, DAVID W. WALLIS, WILLIAM T. MCKINNON, SEAN T. LEONARD, JILL M. CONSIDINE, LAURA S. UNGER, THOMAS C. THEOBALD, HENRY D. G. WALLACE, PHILIP N. DUFF, PHILIP B. LASSITER, ROBERT J. GENADER, KATHLEEN A. MCDONOUGH, and W. GRANT GREGORY, | ) |
| Defendants, | ) |
| --and-- | ) |
| AMBAC FINANCIAL GROUP, INC., | ) |
| Nominal Defendant. | ) |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/16/08

| | |
|---|---|
| MARILYN CLARK, Derivatively On Behalf of AMBAC FINANCIAL GROUP, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL A. CALLEN, JOHN W. UHLEIN, III, KEVIN J. DOYLE, GREGG L. BIENSTOCK, THOMAS J. GANDOLFO, ROBERT G. SHOBACK, DOUGLAS C. RENFIELD-MILLER, DAVID W. WALLIS, WILLIAM T. MCKINNON, SEAN T. LEONARD, JILL M. CONSIDINE, LAURA S. UNGER, THOMAS C. THEOBALD, HENRY D. G. WALLACE, PHILIP N. DUFF, PHILIP B. LASSITER, ROBERT J. GENADER, KATHLEEN A. MCDONOUGH, and W. GRANT GREGORY,<br><br>Defendants,<br><br>--and--<br><br>AMBAC FINANCIAL GROUP, INC.,<br><br>Nominal Defendant. | Case No. 08-CV-856 (SHS) |

Case 1:08-cv-00854-SHS    Document 18    Filed 04/16/2008    Page 2 of 10

| | |
|---|---|
| EARL JORDAN YAOKASIN, Derivatively on Behalf of AMBAC FINANCIAL GROUP, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL A. CALLEN, JOHN W. UHLEIN, III, KEVIN J. DOYLE, GREGG L. BIENSTOCK, ROBERT G. SHOBACK, DOUGLAS C. RENFIELD-MILLER, DAVID W. WALLIS, WILLIAM T. MCKINNON, ROBERT J. GENADER, KATHLEEN A. MCDONOUGH, JILL M. CONSIDINE, PHILIP N. DUFF, THOMAS C. THEOBALD, LAURA S. UNGER, HENRY D. G. WALLACE, THOMAS J. GANDOLFO, SEAN T. LEONARD, W. GRANT GREGORY, and PHILIP B. LASSITER, <br> Defendants, <br><br> --and-- <br><br> AMBAC FINANCIAL GROUP, INC., <br><br> Nominal Defendant. | Case No. 08-CV-1312 (SHS) |

### STIPULATION AND [PROPOSED] ORDER (1) ADJOURNING THE TIME FOR DEFENDANTS TO ANSWER, MOVE TO DISMISS, OR OTHERWISE RESPOND TO THE COMPLAINTS, (2) CONSOLIDATING THE ACTIONS PURSUANT TO RULE 42(a), (3) APPOINTING CO-LEAD COUNSEL, AND (4) SETTING FORTH THE PARTIES' INITIAL RULE 26(f) REPORT

WHEREAS there are presently three related shareholder derivative actions against certain officers and directors of Ambac Financial Group, Inc. ("Ambac") and Ambac as a nominal defendant on file in this Court, which actions are captioned above;

WHEREAS four related putative shareholder class actions complaints have been filed against Ambac and certain of its current and former directors and officers, and are currently pending before Judge Naomi Reice Buchwald: *Reimer* v. *Ambac Financial Group, Inc. et al.*,

3

No. 08 Civ 411; *Babic v. Ambac Financial Group, Inc.*, No. 08 Civ. 1273; *Parker v. Ambac Financial Group, Inc.*, No. 08 Civ. 1825; and *Minneapolis Firefighters' Relief Association v. Ambac Financial Group, Inc.*, No. 08 Civ. 1918; stipulations have been "so ordered" by the Court in each of these actions; and it is expected that a consolidated and/or amended complaint will be filed in these related securities class actions; and

WHEREAS in an effort to assure consistent rulings and decisions and the avoidance of unnecessary duplication of effort, the undersigned counsel for parties in the related above-captioned derivative actions enter into this stipulation. The counsel are: (1) Robbins Umeda & Fink, LLP on behalf of plaintiff Catherine Rubery; (2) Johnson Bottini, LLP on behalf of plaintiff Earl Jordan Yaokasin; (3) Law Offices of Thomas G. Amon on behalf of plaintiffs Marilyn Clark and Catherine Rubery; and (4) Wachtell, Lipton, Rosen & Katz on behalf of individual defendants Michael A. Callen, John W. Uhlein, III, Kevin J. Doyle, Gregg L. Bienstock, Thomas J. Gandolfo, Robert G. Shoback, Douglas C. Renfield-Miller, David W. Wallis, William T. McKinnon, Sean T. Leonard, Jill M. Considine, Laura S. Unger, Thomas C. Theobald, Henry D.G. Wallace, Philip N. Duff, Philip B. Lassiter, Robert J. Genader, Kathleen A. McDonough, and W. Grant Gregory, and nominal defendant Ambac, *and an initial pretrial conference having been held on April 11, 2008 with all parties present by counsel*,

NOW WHEREFORE IT IS HEREBY STIPULATED by all parties to the above-referenced actions, subject to the approval of the Court, as follows:

1. ~~It would be duplicative and wasteful of the Court's resources for defendants named in plaintiffs' shareholder derivative actions to have to respond to the individual complaints before the agreed upon consolidation of the above-captioned shareholder derivative actions. Therefore,~~ defendants named in these actions need not respond to the individual complaints that have already been filed in any of *these* ~~above-captioned~~ actions, or to any other related complaints that are *consolidated with these actions at this time.* ~~subsequently assigned, remanded or transferred to this Court.~~

4

2.  The following derivative actions are related and shall be consolidated, pursuant to Rule 42(a), for all purposes, including pre-trial proceedings and trial:

| Abbreviated Case Name | Case Number | Date Filed |
| --- | --- | --- |
| *Catherine Rubery v. Callen, et al.* | 08-CV-854 (SHS) | January 24, 2008 |
| *Marilyn Clark v. Callen, et al.* | 08-CV-856 (SHS) | January 24, 2008 |
| *Earl Jordan Yaokasin v. Callen, et al.* | 08-CV-1312 (SHS) | February 8, 2008 |

3.  Every pleading filed in these consolidated derivative actions, or in any separate action included herein, shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
| --- | --- |
| IN RE AMBAC FINANCIAL GROUP, INC. DERIVATIVE LITIGATION | ) Lead Case No. 08-CV-854 (SHS) ) ) (Derivative Action) ) |
| This Document Relates To: ALL ACTIONS. | ) ) ) ) ) |

4.  The files of these consolidated derivative actions shall be maintained in one file under Lead Case No. 08-CV-854 (SHS).

5.  Plaintiffs in the above-captioned consolidated derivative actions shall have until June 30, 2008 to file [handwritten: 6/16] ~~30 days after the date for the filing of a consolidated and/or amended complaint in Reimer to file~~ a Consolidated Derivative Complaint in this consolidated derivative action, and the time of all defendants to answer, move to dismiss or otherwise respond to the Consolidated Derivative Complaint in this action shall be extended to ~~60~~ 45 days after the filing of such Consolidated Derivative Complaint in this consolidated action. Plaintiffs shall have ~~60~~ 45 days after defendants

5

file any motion to dismiss or other response to file any response, and defendants shall have ~~45~~ 30 days thereafter to file any reply.

6. Plaintiffs propose, and request that the Court approve, the following Co-Lead Counsel for plaintiffs for the conduct of these consolidated derivative actions:

> JOHNSON BOTTINI, LLP
> FRANK J. JOHNSON
> FRANCIS A. BOTTINI, JR.
> BRETT M. WEAVER
>
> 655 West Broadway, Suite 1400
> San Diego, CA 92101
> Telephone: 619/230-0063
> Facsimile: 619/233-5535
>
> ROBBINS UMEDA & FINK, LLP
> BRIAN J. ROBBINS
> JEFFREY P. FINK
> FELIPE A. ARROYO
> 610 West Ash Street, Suite 1800
> San Diego, CA 92101
> Telephone: 619/525-3990
> Facsimile: 619/525-3991

a. Plaintiffs' Co-Lead Counsel shall have authority to speak for plaintiffs in matters regarding pre-trial procedure, trial and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

b. Plaintiffs' Co-Lead Counsel shall be responsible for coordinating all activities and appearances on behalf of plaintiffs and for the dissemination of notices and orders of this Court. No motion, request for discovery, or other pre-trial or trial proceedings shall be initiated or filed by any derivative plaintiffs except through plaintiffs' Co-Lead Counsel.

c. The Law Offices of Thomas G. Amon and Murray, Frank & Sailer LLP shall act as Liaison Counsel for these consolidated derivative actions. ~~Plaintiffs'~~ Liaison  *SHS*

6

Counsel shall be available and responsible for communications to and from this Court, including distributing orders and other directions from the Court to ~~Plaintiffs'~~ counsel in the derivative actions. ~~Plaintiffs'~~ Liaison Counsel shall be responsible for creating and maintaining a master service list of all parties and their respective counsel in the derivative actions. *SHS* *SHS*

d. Defendants' counsel may rely upon all agreements made with any of plaintiffs' Co-Lead Counsel, or other duly authorized representative of plaintiffs' Co-Lead Counsel, and such agreements shall be binding on plaintiffs in the derivative actions.

7. This Order shall apply to each derivative action, arising out of the same or substantially the same transactions or events as these cases, which is subsequently filed in, removed to or transferred to this Court.

8. When a case which properly belongs as part of the *In re Ambac Financial Group, Inc. Derivative Litigation*, Lead Case No. 08-CV-854 (SHS), is hereafter filed in the Court or transferred here from another court, counsel shall call to the attention of the Clerk of the Court *and Hon. Sidney H Stein* the filing or transfer of any case that might properly be consolidated as part of the *In re Ambac Financial Group, Inc. Derivative Litigation*, Lead Case No. 08-CV-854 (SHS), and counsel are to assist in assuring that counsel in subsequent actions receive notice of this Order.

9. The undersigned defendants acknowledge, without waiver of any arguments or defenses, including defenses related to personal jurisdiction and venue, receipt of a copy of the complaint in each of the above-captioned actions as of the date the Court "so orders" and enters this stipulation, and agree to save the cost of service of a summons and additional copies of the complaints in the above-captioned lawsuits by not requiring service of judicial process in the manner provided for by Fed. R. Civ. P. 4.

10. The parties have met and conferred pursuant to Rule 26(f) and have agreed as follows:

   a. Provisions to govern discovery pending determination of defendants' motion to dismiss: All parties have no current intention to seek discovery, including initial disclosures pursuant to Rule 26(a), before defendants' motion to dismiss the Consolidated Derivative Complaint is made, which motion will be made by defendants after the Consolidated Derivative Complaint is filed on the schedule hereto stipulated. However, if either party's intentions change, and if either party decides to attempt to seek discovery, including initial disclosures pursuant to Rule 26(a), that party shall notify all other parties in writing 30 days in advance of serving any such discovery or otherwise seeking discovery.

   b. Procedures to govern discovery if defendants' motion to dismiss is denied: If the defendants file a motion to dismiss and that motion is denied, the parties shall promptly meet and confer to address the other matters referenced in Rule 26(f) and provide a written report outlining a proposed discovery plan to the Court as contemplated by Rule 26(f). ~~The parties contemplate~~ the Court will promptly schedule a further Rule 16 conference in the event defendants' motion to dismiss is denied to address the parties' written report concerning a proposed discovery plan and any other matters that may then be appropriate.

11. Nothing herein shall be deemed to constitute a waiver of, and defendants do not waive, and expressly preserve, all arguments and defenses in the above-captioned derivative actions, including defenses related to personal jurisdiction and venue.

Dated: April 8, 2008

Frank J. Johnson /JM, with permission per FJJ's 4/7/08 email at 8:41pm
~~BRIAN MURRAY (BM 9954)~~
FRANK J. JOHNSON (admitted pro hac vice)
MURRAY, FRANK & SAILER LLP
275 Madison Avenue, Suite 801
New York, NY 10016
(212) 682-1818

FRANK J. JOHNSON
FRANCIS A. BOTTINI, JR.
JOHNSON BOTTINI, LLP
655 West Broadway Suite 1400
San Diego, CA 92101
(619) 230-0063

Counsel for Plaintiff Earl Jordan Yaokasin


Dated: April 7, 2008

THOMAS G. AMON (TA-1515)

LAW OFFICES OF THOMAS G. AMON
~~500 Fifth Ave., Suite 1650~~ 250 West 572 St.,
New York, NY ~~10110~~ 10107    Ste 1316
(212) 810-2430

BRIAN J. ROBBINS
JEFFREY P. FINK
FELIPE A. ARROYO
ROBBINS UMEDA & FINK, LLP
610 West Ash Street, Suite 1800
San Diego, CA 92101
(619) 525-3990

Counsel for Plaintiff Catherine Rubery

9

Dated: April 2, 2008

_____
THOMAS G. AMON (TA-1515)

LAW OFFICES OF THOMAS G. AMON
~~500 Fifth Ave., Suite 1650~~ 250 West 57th St.,
New York, NY ~~10110~~ 10107    Ste 1316
(212) 810-2430

Counsel for Plaintiff Marilyn Clark


Dated: April 5, 2008

_____
PETER C. HEIN (PH-5279)

WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019-6150
(212) 403-1000

Counsel for Defendants


IT IS SO ORDERED:

Dated: April 16, 2008

_____
HON. SIDNEY H. STEIN
UNITED STATES DISTRICT JUDGE


10