UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
IN RE AMBAC FINANCIAL GROUP, INC.,    :      Lead Case No. 08 Civ. 854 (SHS)
DERIVATIVE LITIGATION          :      (Derivative Action)
           :
-----------------------------------------------------------------x      OPINION AND ORDER
           :
This Document Relates To:   ALL ACTIONS.   :
           :
-----------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

The Wayne County Employees' Retirement System ("Wayne County") and the Trustees of the Police and Fire Retirement System of the City of Detroit ("Detroit," collectively the "Proposed Intervenors") have moved (1) to intervene in this consolidated shareholder derivative action, (2) to be designated as co-lead plaintiffs for purposes of claims based on defendants' alleged failure of oversight over the Ambac Financial Group, Inc., and (3) to have their attorneys appointed as co-lead counsel for those same oversight claims.  The three plaintiffs who brought the three original actions derivatively on behalf of Ambac oppose the motion on the grounds that they are quite capable of pursuing what they perceive to be the interests of the corporation and need no help from the Proposed Intervenors.

I.      **BACKGROUND**

In April of 2008, this Court consolidated the three separate derivative actions brought by Ambac shareholders against Ambac officers and directors into this single, consolidated action. Plaintiffs subsequently filed an Amended Consolidated Shareholder Derivative Complaint ("Amended Consolidated Complaint") alleging claims on behalf of Ambac against the named officers and directors for breach of fiduciary duty, corporate waste, and unjust enrichment pursuant to Delaware Law, as well as violations of the Securities Exchange Act of 1934.  *See*

*Rubery v. Callen et al.*, No. 08 Civ. 854 (S.D.N.Y. filed Jan. 24, 2008); *Clark v. Callen et al.*, No. 08 Civ. 856 (S.D.N.Y. filed Jan. 24, 2008); *Yaokasin et al v. Callen et al.*, No. 08 Civ. 1312 (S.D.N.Y. filed Feb. 8, 2008); *see also In Re Ambac Financial Group, Inc. Derivative Litigation*, No. 08 Civ. 854 (S.D.N.Y. April 16, 2008) (order consolidating individual shareholder derivative actions); Verified Am. Comp. dated Dec. 17, 2008.

Wayne County and Detroit initiated similar derivative actions in the Delaware Court of Chancery in February 2008, asserting claims for breach of fiduciary duty based on the defendants' alleged failure to oversee the affairs of Ambac according to the standard set forth in *In re Caremark Int'l*, 698 A.2d 959 (Del. Ch. 1996), along with other state law claims. *See Wayne County Employees' Retirement System v. Callen*, C.A. No. 3521-VCL (Del. Ch. filed Feb. 1, 2008); *The Trustees of the Police and Fire Retirement System of the City of Detroit*, C.A. No. 3541-VCL (Del. Ch. filed Feb. 13, 2008). The Chancery Court consolidated those actions one month later, and in July 2008, the defendants moved to dismiss the consolidated complaint, or in the alternative, to stay that litigation pending the outcome of the action before this Court. The Chancery Court granted the defendants' motion to stay in December 2008, finding that the complaint before this Court was broader in scope than that in the Delaware action, but it still "fairly encompasses" the Delaware claims. (*In re Ambac Financial Group Shareholder Derivative Litigation*, C.A. No. 3521-VCL (Del. Ch. Dec. 30, 2008), Ex. B to Decl. or Demet Basar dated Jan. 20, 2009 ("Basar Decl.").)

Twenty-one days later, on January 20, 2009, Wayne County and Detroit moved to intervene as co-lead plaintiffs for the *Caremark* claims in this action, either pursuant to Fed. R. Civ. P. 24(a), as of right, or pursuant to Fed. R. Civ. P. 24(b), with the Court's permission. In doing so, they contend that any judgment in this action is likely to bind them and that plaintiffs

2

do not adequately represent the interests of the Proposed Intervenors.  Specifically, the Proposed Intervenors contend that the demand allegations and those supporting their claim for breach of fiduciary duty set forth in their proposed Complaint in Intervention are more "particularized" than those found in the Amended Consolidated Complaint in this action.

Defendants do not oppose the motion to intervene as long as any intervention results in (1) a single consolidated derivative complaint joined by all plaintiffs and plaintiff-intervenors, and (2) no increase in the number of lead and liaison counsel for all plaintiffs and plaintiff-intervenors.  As noted, plaintiffs do oppose the motion.

## II.    STANDARD OF REVIEW

A party may intervene as of right pursuant to Fed. R. Civ. P. 24(a)(2) if: "(1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties."  *MasterCard Intern., Inc. v. Visa Intern. Service Ass'n, Inc.*, 471 F.3d 377, 389 (2d Cir. 2006); *see also United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994).  "Failure to satisfy any one of these requirements is a sufficient ground to deny the application."  *In re Bank of New York Derivative Litigation*, 320 F.3d 291, 300 (2d Cir. 2003) (quotation and citation omitted); *see also Pitney Bowes, Inc.*, 25 F.3d at 70.

In addition, courts have the authority to permit intervention by anyone who "has a claim or defense that shares with the main action a common question of law or fact," Fed. R. Civ. P. 24(b)(1)(b), although they must consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights," Fed. R. Civ. P. 24(b)(3).  Courts

consider substantially the same factors for permissive intervention under Rule 24(b) as for intervention as of right under Rule 24(a), *see In re Bank of New York Derivative Litig.*, 320 F.3d at 300 n.5, and the decision regarding whether to grant permissive intervention "is wholly discretionary with the trial court." *U.S. Postal Service v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978).

## III.   ANALYSIS

### A.  Intervention as of Right

The Proposed Intervenors satisfy the first two prongs of the standard for intervention as of right; i.e., (1) the timeliness of the motion, and (2) whether the proposed intervenors assert an interest that relates to the subject matter of this action.   Evaluating "the totality of the circumstances," the Court finds that the motion to intervene is timely:  the Proposed Intervenors filed this motion a mere 21 days after Vice Chancellor Lamb stayed their action in the Delaware Court and before the action in this Court had reached an advanced stage.  *Farmland Dairies v. Commissioner of the New York State Dep't of Agric. and Mkts.*, 847 F.2d 1038, 1044 (2d Cir. 1988).   The parties do not contest the applicability of the second factor; i.e., the Proposed Intervenors do assert an interest that relates to the transactions at issue in this litigation.

The Proposed Intervenors also meet the third prong of the test for intervention as of right—whether disposition of this action is likely to impair the ability of Detroit and Wayne County to litigate the same issues before the Delaware Court—but only in a very narrow sense. The disposition of this litigation may indeed preclude the Proposed Intervenors from ultimately pursuing their Delaware action.  *See, e.g., Henik ex rel. LaBranche & Co., Inc. v. LaBranche*, 433 F. Supp. 2d 372, 381 (S.D.N.Y. 2006) (plaintiffs in federal derivative suit precluded from relitigating issue of demand futility resolved in state derivative suit); *West Coast Management &*

*Capital, LLC v. Carrier Access Corp.*, 914 A.2d 636, 642-43 (Del. Ch. Nov 14, 2006) (noting trend of extending collateral estoppel to different plaintiffs in second derivative suit based on the corporation's status as the true party in interest).   However, Fed. R. Civ. P. 24(a) sets forth when a party may intervene as of right not for the purpose of permitting that party to litigate its claim, but rather for the purpose of making certain that the intervenor's interests are protected.   *See MasterCard Intern.*, 471 F.3d at 389.   The true party in interest in a derivative action such as this one is the corporation; therefore, denying intervention in this action will not impair the protection of that interest if the three plaintiffs who have brought this action derivatively on behalf of Ambac can represent that interest adequately.   *See Koster v. Lumbermens Mutual Casualty Co.*, 330 U.S. 518, 522-23 (1947).   That in turn brings us to the fourth prong:   whether the Proposed Intervenors' interest is being adequately represented by the other parties.

The Proposed Intervenors have not shown that existing plaintiffs fail to represent their interests adequately.   While courts often characterize the burden of showing that a party's representation "may be" inadequate as "minimal," *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n.10 (1972), the U.S. Court of Appeals for the Second Circuit has "demanded a more rigorous showing of inadequacy in cases where the putative intervenor and a named party have the same ultimate objective.   Where there is an identity of interest, . . . the movant to intervene must rebut the presumption of adequate representation by the party already in the action."   *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179-80 (2d Cir. 2001) (citations omitted).   Plaintiffs and other shareholders who seek to join a derivative action as plaintiffs share an identity of interest almost by definition, since the true party in interest is the corporation itself.   *See Koster*, 330 U.S. at 522-23.   Therefore, Wayne County and Detroit bear

the burden of demonstrating that plaintiffs in this derivative action will not adequately represent the interests of the corporation.

The Proposed Intervenors concede that plaintiffs and their counsel adequately represent Ambac's interest in the existing claims in this action for securities fraud "and related claims," but assert both that the proposed Complaint in Intervention contains much more detailed allegations regarding defendants' alleged failure to oversee Ambac than the existing complaint contains and that the Proposed Intervenors will more "vigorously prosecute" that claim.   (Proposed Intervenors' Reply Mem. in Supp. of Mot. to Intervene at 8.)

While differences of opinion regarding how to pursue a derivative claim can conceivably rise to the level of antagonism that would preclude adequate representation, *Sweet v. Bermingham*, 65 F.R.D. 551, 554 (S.D.N.Y. 1975), conclusory allegations and hypothetical disagreements are insufficient, *Daventree Ltd. v. Republic of Azer.*, 349 F. Supp. 2d 736, 753 (S.D.N.Y. 2004).   Here, plaintiffs in fact devote significant attention in their Amended Consolidated Complaint to alleging that defendants failed to supervise the corporation adequately.   (*See, e.g.*, Am. Cons. Compl. ¶¶ 59-60, 153, 286-92.)   Indeed, Vice Chancellor Lamb stayed the Proposed Intervenors' Delaware action pending the outcome of this action based on the fact that "the federal derivative complaint fairly encompasses the claims alleged in the complaint in [the Delaware] action, and the demand excusal allegations in that complaint bear a strong resemblance to those found in" the Delaware complaint.   (*In re Ambac Financial Group Shareholder Derivative Litigation*, C.A. No. 3521-VCL (Del. Ch. Dec. 30, 2008), Ex. B to Basar Decl.)

In sum, the Proposed Intervenors have not met their burden of demonstrating that the plaintiffs here do not represent the interests of the Proposed Intervenors adequately.   The mere

fact that plaintiffs also assert additional and different claims from those asserted by the Proposed Intervenors does not render the former inadequate to represent the interests of the latter, particularly where, as here, the suit is brought derivatively on behalf of the corporation. Accordingly, the Court finds that plaintiffs' representation is adequate and denies the Proposed Intervenors' motion to intervene as of right.

### B. Permissive Intervention

The Court has broad discretion to grant or deny permissive intervention pursuant to Fed. R. Civ. P. 24(b).  *See Catanzano by Catanzano v. Wing*, 103 F.3d 223, 234 (2d Cir. 1996).  The Proposed Intervenors have not presented any arguments other than those discussed and rejected above with respect to the purported inadequacy of the existing plaintiffs.  In addition, absent good reason to do so, the Court is disinclined to add to the fulsome number of attorneys handling this matter, lest that number become excessive.  Therefore, the Court declines to grant the Proposed Intervenors' motion for permissive intervention pursuant to Fed. R. Civ. P. 24(b).

## IV.  CONCLUSION

Because the interests of the Proposed Interveners are adequately represented by the plaintiffs in this action, the motion by the Proposed Interveners to intervene, to be designated as co-lead plaintiffs for *Caremark* claims, and to have their attorneys appointed as co-lead counsel for the failure of oversight claims is denied.

Dated: New York, New York
May 12, 2009

SO ORDERED.

Sidney H. Stein, U.S.D.J.

7